UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES C. WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 12-2397 |
| MARLIN GUSMAN, DR. GORE, ORLEANS PARISH PRISON | SECTION "J"(4) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.   Factual and Procedural Background**

The plaintiff, James C. Williams, ("Williams") was a prisoner housed in the Orleans Parish Prison system, ("OPP") at the time of the filing of this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983. Williams filed his complaint against defendants, Orleans Parish Sheriff Marlin Gusman, OPP Medical Director Dr. Gore, and the Orleans Parish Prison.

Williams alleges that, after his arrival at OPP on July 14, 2012, the Sheriff and the prison staff were refusing to feed him and were systematically starving him. He claims that he suffers from allergies to processed foods, which is all that is served at OPP. He also contends that, while housed

at OPP, he has had eight to twelve food related allergic reactions which triggered respiratory complications, headaches, hunger pains, sleep loss, and weight loss.

Williams also alleges that, on August 27, 2012, the OPP staff told him that he would receive at each meal one cup of milk, two slices of bread, and a cup of water. He argues that this violates his Eighth and Fourteenth Amendment rights.

Williams further complains that, on his arrival at OPP on July 14, 2012, he reported to the medical staff that he had chronic neck and back pain and that he needed surgery. He claims that he was told that the prison medical unit did not provide surgery. He complains that he continues to suffer with pain and is losing the use of his left arm and hand due to the pinched nerve and damaged discs in his neck. Williams claims that, on August 13, 2012, the medical department was provided with his MRI report yet they still refused to provide him with the needed surgery in violation of his Eighth and Fourteenth Amendment rights.

As relief, Williams seeks an injunctive order directing the defendants to provide him with a dietary meal plan and an examination by an orthopedic surgeon. He also seeks $1.7 million in damages for pain and suffering. In addition to his prayer in the complaint, Williams filed a Motion for Preliminary Injunction (Rec. Doc. No. 5) to have him seen and treated by an orthopedic specialist.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts

have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   Analysis

By Order issued October 5, 2012, the Court granted Williams' leave to proceed *in forma pauperis*.[1]  A copy of the Order was mailed that same day by the Clerk of Court to Williams at his address of record at the Orleans Parish Prison.  Later, on October 30, 2012, the Court issued an Order scheduling a hearing in this matter pursuant to *Spears v. McCotter*[2] to be held by telephone

---

[1] Rec. Doc. No. 3.

[2] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims.  The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

on November 8, 2012.[3] A copy of that Order was mailed the same day by the Clerk of Court to Williams at his address of record at the Orleans Parish Prison.

On November 6, 2012, the envelope containing the Court's October 30, 2012, Order was returned to the Clerk of Court marked "Return to Sender - Not Deliverable as Addressed - Unable to Forward."[4] It also bears markings separate which state "Return to Sender" and "Roll Out," indicating that Williams was released from the facility.[5] As a result, the Court issued an order on November 8, 2012, cancelling the *Spears* Hearing previously set.[6]

Shortly thereafter, on November 13, 2012, the envelope containing a copy of the pauper order also was returned to the Clerk of Court marked "Return to Sender" and "R/O Rel 10/26/12," indicating that Williams was released from OPP on October 26, 2012.[7] The envelope containing the Court's order cancelling the *Spears* Hearing was also returned to the Clerk of Court on November 19, 2012, bearing similar markings.[8]

The Court's prior orders were mailed to Williams at the only address he has provided to the Court. Williams has been released from OPP, and he has failed to provide the Court with his current contact information as required by L.R. 11.1. Williams was made aware of his continuing obligation

---

[3] Rec. Doc. No. 6.

[4] Rec. Doc. No. 8.

[5] *Id*.

[6] Rec. Doc. No. 9.

[7] Rec. Doc. No. 10.

[8] Rec. Doc. No. 11.

to keep the Court informed of his whereabouts as reflected in paragraph VI on page five of his Complaint, where he signed the Plaintiff's Declaration on August 31, 2012.[9]

Contrary to these mandates, Williams has not notified the Court of his release or his current address, and he otherwise has not contacted the Court about his case since it was filed. In accordance with L.R. 41.3.1, Williams's failure to provide his current address within 35 days of the Court's mail having been returned is cause for dismissal of his complaint for failure to prosecute.

Williams has not made the necessary effort to prosecute this case. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute. Because his Complaint is being dismissed, his Motion for Preliminary Injunction is moot.[10]

## IV. Recommendation

It is therefore **RECOMMENDED** that plaintiff, James C. Williams', ("Williams") Motion for Preliminary Injunction (Rec. Doc. No. 5) be **DENIED** as moot.

It is further **RECOMMENDED** Williams' § 1983 complaint against the defendants, Orleans Parish Sheriff Marlin Gusman, OPP Medical Director Dr. Gore, and the Orleans Parish Prison, be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[9]Rec. Doc. No. 1, p.5.

[10]The Court also notes since he no longer is incarcerated in OPP, he is not entitled to the injunctive relief he sought. *Smith v. City of Tupelo, Mississippi*, 281 Fed. App'x. 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (transfer from prison where alleged civil rights violation occurred rendered moot claim for injunctive relief)).

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[11]

      New Orleans, Louisiana, this 21st day of February, 2013.

                                              **KAREN WELLS ROBY**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

[11] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.